UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SANDRA JOSEPH,

       Plaintiff,

       v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

Civil No. 04-6266-HA

O R D E R


HAGGERTY, Chief Judge:

      Plaintiff Sandra Joseph brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the Act). Plaintiff requested judicial review of a final decision by the Commissioner of the Social Security Administration (SSA) denying her application for Social Security Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI) disability benefits. After she sought an order reversing the decision of the Commissioner and remanding this action for an award of benefits, defendant Commissioner conceded that the SSA's

1  - ORDER

decision in this matter was unsupported by substantial evidence, and that this case must be remanded. Defendant requests that this remand be for further proceedings. For the reasons stated below, this case is remanded for an immediate calculation of benefits.

ANALYSIS

In light of defendant's concession and stipulation to the background of this case, the administrative history and plaintiff's medical situations need not be reviewed here. As defendant concedes, this court is compelled to remand this action, at the very least because the opinions of Dr. Knowlton, plaintiff's examining physician, and plaintiff's testimony, were insufficiently evaluated.

The only issue presented is whether the failure of the Administrative Law Judge (ALJ) to provide sufficient reasons for rejecting plaintiff's testimony and the opinions of Dr. Knowlton should result in a remand for further analysis or an award of benefits. A reviewing court has been held to enjoy the discretion to remand for further administrative proceedings or for a finding of disability and an award of benefits. *See, e.g., Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985).

There is some authority within the Ninth Circuit that in cases in which the ALJ's reasons for rejecting the claimant's testimony are legally insufficient, and the record is clear that the claimant would be found disabled if the claimant's testimony were credited, a remand ordering the calculation and award of benefits is appropriate. *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *see also Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). Similarly, when the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that opinion is generally credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995).

Recently, one panel in the Ninth Circuit has questioned whether this "crediting as true" doctrine is mandatory. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) ("[i]nstead of being a mandatory rule, we have some flexibility in applying the 'crediting as true' theory."). Because of this recent reasoning, defendant requests that this court refrain from crediting the

improperly rejected evidence as true. Instead, defendant requests that this court exercise its discretion to remand this case for further proceedings.

The "crediting as true" rule was established in *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396 (9th Cir. 1988) (referred to as "*Varney II*"). In adopting the "crediting as true" rule of the Eleventh Circuit, the Ninth Circuit acknowledged that the rule promotes important objectives: "Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from 'reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence in the record that suggests an opposite result.'" *Id.* at 1398 (citation omitted).

A close reading of *Varney II* confirms that the Ninth Circuit did not distinguish between crediting a claimant's pain testimony and crediting improperly rejected medical reports regarding the claimant's health. However, further analysis of this divergence and *Connett's* possible impact is inapplicable here.

This court construes the reasoning in *Connett* to permit some exercise of discretion in determining whether to credit a claimant's improperly rejected pain testimony as true. Similarly, this court also interprets this recent reasoning regarding the "crediting as true" doctrine as continuing to permit an improperly rejected medical opinion to be credited as true.

Even if the scope of the reasoning were intended to include improperly rejected medical opinions, the validity of these rulings is unclear. Only a panel sitting *en banc* may overturn existing Ninth Circuit precedent. *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996) (citations omitted); *see also Baker v. City of Blaine*, 221 F.3d 1108, 1110 n.2 (9th Cir. 2000) (a court panel has no authority to disavow the holdings of a prior panel). Accordingly, this court concludes that Dr. Knowlton's improperly rejected opinions and plaintiff's testimony must be credited as true.

The question presented, therefore, is whether, after crediting the challenged evidence, the remand that defendant concedes must happen is for further proceedings or for the calculation of benefits. Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179

(9th Cir. 2000). The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Id.* at 1178. A reviewing court should credit evidence and remand for a finding of disability and an award of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

Under these standards, remand for a finding of disability and an award of benefits is appropriate here. The ALJ failed to provide a legally sufficient reason for rejecting Dr. Knowlton's opinions or plaintiff's testimony. Despite defendant's request for further proceedings, there are no outstanding issues that must be resolved before a determination of disability can be made.

It is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited, and additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. The record is fully developed, and further proceedings "would serve no useful purpose." *See Smolen*, 80 F.3d at 1292; *see also Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits). When it is evident from the record that benefits should be awarded, remanding for further proceedings would only needlessly delay the realization of the primary purpose of the Act. *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995) (citation omitted); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993).

Moreover, permitting the Commissioner a further opportunity to amend findings to comport with the denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

\\\
\\\

CONCLUSION

The court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose. Under the applicable standards, after giving the evidence in the record the effect required by law, plaintiff is unable to engage in any substantial gainful activity by reason of her impairments, and she is disabled under the Act. Based upon the foregoing, the final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the proper calculation and award of DIB and SSI benefits to plaintiff Sandra Joseph.

IT IS SO ORDERED.

DATED this   1   day of November, 2005.

       /s/Ancer L.Haggerty
      ANCER L. HAGGERTY
      United States District Judge